UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD M. CARPENTER, JR.

    Plaintiff,

v.                              Case No. 09-C-1154

NICOLE VAUGHN, et al.,

    Defendants.

# ORDER

The plaintiff, who is incarcerated at the Wisconsin Secure Program Facility at Boscobel, Wisconsin, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $22.07.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

2

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Carpenter's complaint recounts his version of the events leading up to his conviction for kidnapping, false imprisonment, and eight counts of sexual assault.[1] The complaint also details Carpenter's efforts to have his conviction overturned, and appears to be an extension of these efforts. Carpenter names 17 different individuals and entities as defendants in this action, such as the judge that presided over his criminal trial, the prosecutor, his defense counsel at trial and on appeal, the victim of the offense, those charged with regulating attorneys in Wisconsin, and others.

---

[1]*See* Wisconsin Circuit Court Access, http://www.wcca.wicourts.gov, Milwaukee County Case Number 2007CF005359 (last visited January 28, 2010).

3

Carpenter contends that his counsel was ineffective and that the prosecutor conspired with other actors in the justice system to ensure Carpenter was unjustly convicted. Beyond charges of professional incompetence on the part of his counsel, malicious prosecution and obstruction of justice by the prosecutor and investigator, Carpenter claims that he was denied a public trial as a result of a judge's decision not to allow teenagers in the courtroom.

Carpenter's allegation that he was wrongly convicted is barred by *Heck v. Humphrey*, a Supreme Court case that generally precludes individuals from obtaining damages in a civil rights action for constitutional infractions unless and until they have had their conviction overturned. 512 U.S. 477 (1994). The key language of that opinion requires that, "[w]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487.

Carpenter's claim that the trial judge's policy of not allowing teenagers in the courtroom deprived him of his right to a public trial under the Sixth Amendment also is barred. This is because if the Court were to find that Carpenter was denied a public trial in his criminal proceedings, the invalidity of the conviction itself would necessarily be implied given the fact that such an error is structural and requires reversal. *See Neder v. United* States, 527 U.S. 1, 8 (1999) (citing *Waller v. Georgia*, 467 U.S. 39 (1982)). Moreover, Carpenter's claim is not that no member of the public was allowed to observe his criminal proceedings, just that the judge took steps to prevent teenagers from attending. Even if *Heck* did not bar his claim in this § 1983 action, Carpenter would face an uphill battle showing that not allowing teenagers to attend denied him a public trial, as other members of the public were presumably allowed to observe the proceedings. *See Braun v. Powell*, 227 F.3d 908, 919 n. 8 (7th Cir. 2000) ("We conclude that the denial of one's

4

right to a public trial is not at issue where '[t]here was no in camera or secret trial. [The trial] was held in a public courtroom with attorneys, court reporters, court attendants and at least some outsiders present.' . . . 'Certainly under modern conditions, when friends of the accused, the representatives of the press, and those necessary to the proper conduct of the trial are present, the defendant receives every safeguard insured by a trial open to the general public.'") (quoting *Aaron v. Capps*, 507 F.2d 685, 687-88 (5th Cir. 1975)).

There are further problems with the case. All of the defendants Carpenter names in his complaint are either not subject to suit under § 1983 or are otherwise immune for suit. Defendant Nicole Vaughn, the complainant in Carpenter's criminal prosecution, is not a state actor subject to liability under § 1983. Further, the complaint fails to allege a plausible conspiracy between Vaughn and any public actors, precluding a finding of conspiracy under 42 U.S.C. § 1985(3). *See Alexander v. City of South Bend*, 433 F.3d 550, 556-57 (7th Cir. 2006) ("In order to establish a civil conspiracy under § 1985, [plaintiff] must show that an actual conspiracy existed (in other words, that people agreed to injure him), that its purpose was to deprive [plaintiff] of his constitutional rights, that an act was committed in furtherance of the conspiracy, and that he was injured.") (citing *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002)). Thus, Carpenter's claims against Vaughn will be dismissed.

Carpenter's trial counsel, Diane Erickson, and his appellate counsel, Paul Bonneson, are not subject to liability under § 1983 for the same reason. The complaint fails to present plausible allegations that Erickson and Bonneson conspired with state actors to deprive Carpenter of his constitutional rights. Further, while it is unclear whether both of Carpenter's counsel were public defenders, a claim for "legal malpractice" against public defenders under § 1983 is doomed, as a

5

public defender does not act under color of state law when performing a lawyer's traditional functions. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Cornes v. Munoz*, 724 F.2d 61 (7th Cir. 1983). Carpenter's claims against Erickson and Bonneson will be dismissed for failure to state a claim.

Carpenter appears to allege that Detective Gregory Jackson testified falsely about Carpenter's statements and that Jackson "sabotaged" an audio recording of Carpenter's interrogation by making it inaudible. Carpenter's claim against Jackson regarding his testimony fails, as police officers have absolute immunity from suit under § 1983 for giving perjured testimony at a defendant's criminal trial. *Briscoe v. LaHue*, 460 U.S. 325, 341-46 (1983). Carpenter's allegation that Jackson somehow failed to preserve the audio recording of the interrogation is barred by *Heck*, as if Carpenter were to prevail on this claim it would call into question the validity of his conviction, given his belief that there is exculpatory information in the recording that his counsel could have used during Jackson's cross-examination.

Carpenter's allegations against Assistant District Attorney Miriam Falk demonstrate that she is entitled to absolute immunity, as Carpenter takes issue with the way in which she went about her prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). Further, Carpenter's claim of malicious prosecution against Falk fails as Wisconsin law recognizes the tort of malicious prosecution, *see, e.g., Wisconsin Public Service Corp. v. Andrews*, 2009 WI App 30, ¶¶ 22-23, 316 Wis.2d 734, 766 N.W.2d 232, and the Seventh Circuit has held that "malicious prosecution is not a constitutional tort if state law provides a remedy for malicious prosecution." *Adams v. Rotkvich*, 325 Fed. Appx. 450, 452-53 (7th Cir. 2009) (citing *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001)).

6

Two Milwaukee County Circuit Court judges are named as defendants in the complaint, Judge Daniel Konkol and Judge Joseph Donald. Because the complaint is bereft of any indication of how Judge Donald was personally involved in depriving Carpenter of his constitutional rights, Carpenter's claims against him will be dismissed. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). Carpenter appears to have named Judge Konkol because he presided over his criminal trial and made an evidentiary ruling unfavorable to Carpenter (by sustaining a hearsay objection to the admission of a written statement of the victim's mother calling into question the victim's reliability). While he may disagree with this ruling, the proper way to register such disagreement is not to name the judge as a defendant in a § 1983 action, but to raise the issue on appeal, in post-conviction proceedings, or in a petition for habeas corpus. Because Judge Konkol's evidentiary rulings in a trial over which he presided were unquestionably made within the scope of his judicial capacity, he is absolutely immune from suit. *See Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005).

Carpenter also names two probation agents as defendants, Georgette Gehring and Jada Miller. The complaint fails to allege how either Gehring or Miller were personally involved in any alleged deprivation of Carpenter's constitutional rights, as it merely alleges that one or both of them were involved in administering drug tests to Carpenter during his probation. Accordingly, Carpenter's claims against Gerhing and Miller will be dismissed.

Defendants Cathe Hahn and Keith Sellen work with the Wisconsin Office of Lawyer Regulation, and James Alexander is employed by the Wisconsin Judicial Commission. These three individuals appear to be caught within the dragnet of Carpenter's complaint based upon the fact they

7

did not find reason to investigate his allegations of misconduct against his former counsel and Judge Konkol. Carpenter fails to state a claim under § 1983 with his allegation; the fact that those responsible for regulating the practice of law and handling complaints of judicial misconduct did not see the matter the same way as Carpenter does not mean they were personally involved in depriving him of his rights.

Finally, the complaint lists as defendants the State of Wisconsin, the City of Milwaukee, the Milwaukee Police Department, the Wisconsin Judicial Conduct Advisory Committee, and the Wisconsin State Public Defender Appellate Division. The State of Wisconsin is not a proper defendant given its immunity under the Eleventh Amendment, and the only theory of liability for the state would be *respondeat superior*, which is not permissible in an action brought under § 1983. *Smith v. Gomez*, 550 F.3d 613, 618 (7th Cir. 2008). While the City of Milwaukee could be liable under § 1983 if a constitutional deprivation was caused by official municipal policy or custom, *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978), the allegations of the complaint do not plausibly suggest that any such policy or custom exists, let alone what constitutional deprivation Carpenter suffered. The Milwaukee Police Department is not an entity subject to suit separate from the City of Milwaukee. *See Averhart v. City of Chicago*, 114 Fed. Appx. 246, 247 (7th Cir. 2004). Finally, Eleventh Amendment immunity also extends to the Wisconsin Judicial Conduct Advisory Committee and the Wisconsin State Public Defender Appellate Division, as both are agencies or committees of the State of Wisconsin.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir.

8

Case 2:09-cv-01154-WCG   Filed 01/29/10   Page 8 of 10   Document 6

1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim, but without prejudice as to potential habeas claims.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $327.93 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   28th   day of January, 2010.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge

10

Case 2:09-cv-01154-WCG   Filed 01/29/10   Page 10 of 10   Document 6