UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD M. CARPENTER, JR.,

      Plaintiff,

  v.                                                       Case No. 09-C-1154

NICOLE VAUGHN, et al.,

      Defendants.

## ORDER DENYING *IN FORMA PAUPERIS* ON APPEAL

      The pro se plaintiff, a state prisoner at all relevant times, brought a civil action in this court under 42 U.S.C. § 1983, alleging that his civil rights were violated. On January 28, 2010, the plaintiff was granted leave to proceed *in forma pauperis*. However, by the same order, this case was dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. On February 1, 2010, judgment was entered dismissing the action. The plaintiff appealed, and currently before the Court is the plaintiff's request to proceed *in forma pauperis* on appeal.

      Under Fed. R. App. P. 24(a), a party who has been granted leave to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed *in forma pauperis*. *See also* 28 U.S.C. §1915(a)(3). A district court should not apply an inappropriately high standard when making good faith determinations. *Pate v. Stevens,* 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders*

*v. California,* 386 U.S. 738 (1967)); *see also Coppedge v. United States,* 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).

The plaintiff's complaint, which names 17 defendants, was dismissed for failure to state a claim upon which relief may be granted. In dismissing the complaint the Court certified that unless the plaintiff offered bona fide arguments supporting his appeal, an appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). (Doc. # 6 at 10.) Plaintiff's affidavit supporting his motion to proceed *in forma pauperis* on appeal fails to provide bona fide arguments. Instead, it provides scattershot allegations about being denied a fair trial in his state criminal proceedings, being convicted of aiding and abetting "invisible men," that his accuser is a liar, that the presiding judge was "corrupt and racist," and that there was a conspiracy involving many individuals involved in his investigation and trial, including his attorneys. The Court's conclusion that much of plaintiff's complaint constitutes an attack on the validity of his conviction barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), is reinforced by plaintiff's claim in his affidavit that ". . . I am innocent and I pray that the courts let me prove my innocents [sic]." It is apparent that plaintiff seeks relief which would necessarily call into question the validity of his conviction, something he may not do under § 1983. Because plaintiff fails to provide bona fide arguments in support of his appeal, the Court finds no reason to disturb its prior certification that plaintiff's appeal would not be taken in good faith. No reasonable person could conclude that the claims advanced by plaintiff have any merit.

Thus, the plaintiff's request to proceed *in forma pauperis* on appeal is denied. However, the plaintiff incurred the filing fee by filing the notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 433, 434 (7th Cir.1997). The fact that this court is denying the request to proceed *in forma pauperis* on appeal means that the full filing fee of $455.00 is due within 14 days of this order. *Id.*; Seventh Circuit Rule 3(b). Failure to pay in full within the time limits will result in a dismissal. *Newlin*, 123 F.3d at 434. In the alternative, the plaintiff may file a motion to proceed on appeal *in forma pauperis* in the court of appeals with 30 days of receiving notice that this court denied leave to appeal *in forma pauperis*. Fed. R. App. P. 24(a)(5).

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed *in forma pauperis* on appeal is **DENIED** because this court certifies that such appeal has been taken in **BAD FAITH.**

**IT IS FURTHER ORDERED** that unless plaintiff files a motion to proceed *in forma pauperis* in the court of appeals, the plaintiff shall forward to the clerk of this court the sum of $455.00 as the full filing fee in this appeal. The plaintiff's failure to comply with this order will result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated this   24th   day of February, 2010.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge